# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MILES J. OLSON,

    Petitioner,

    v.                                      Case No. 23-CV-229

WISCONSIN DEPARTMENT OF PROBATION
AND PAROLE,

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING CASE

    Miles J. Olson is on active community supervision, serving a sentence pursuant to state convictions for OWI (5th) and Possession with Intent to Deliver Cocaine (>40g) in Milwaukee County Case No. 2018CF2377. (Habeas Petition, Docket # 1.) Olson seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (*Id.*) Olson asserts several grounds for relief in his petition, each ground asserting his Fourth Amendment rights were violated when his vehicle was searched after his arrest. (*Id.*; Rule 4 Order at 2, Docket # 4.) The respondent has moved to dismiss Olson's petition on the grounds that Olson's Fourth Amendment claims are not cognizable on federal habeas review pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). (Docket # 10.) The Court's Rule 4 Order states that in the event the respondent files a dispositive motion in lieu of an answer, Olson has forty-five days to file a brief in opposition to the motion. (Docket # 4 at 2.) Respondent filed its motion to dismiss on June 30, 2023; however, Olson has not opposed Respondent's motion. For the reasons

stated below, Respondent's motion to dismiss is granted. The petition for writ of habeas corpus is denied and the case dismissed.

## BACKGROUND

Olson pled guilty to one count of possession of cocaine with intent to deliver and one count of operating a vehicle while intoxicated, as a fifth offense, and was sentenced to four years of incarceration followed by four years of extended supervision. (Habeas Petition at 1–2; *State of Wisconsin v. Olson*, 2019AP729 (Wis. Ct. App. Oct. 12, 2021), Ex. 2 to Resp. Mot. to Dismiss, Docket # 11-2.) On direct appeal, Olson argued that the police violated the Fourth Amendment when they searched his car after his arrest. (Docket # 11-2 at 1.) The court of appeals rejected Olson's argument and affirmed the conviction. (*Id.* at 1–5.) Olson filed a petition for review with the Wisconsin Supreme Court, which was denied on February 16, 2022. (Ex. 3 to Resp. Mot. to Dismiss, Docket # 11-3.)

Olson filed the instant habeas petition on February 17, 2023. (Docket # 1.) In his petition, Olson raises several grounds for relief. First, he argues that using the "incident to arrest" reason for searching his vehicle was "incomprehensible." (*Id.* at 11–12.) Second, Olson argues that the district attorney and judge presiding over his case incorrectly found that the officers needed only reasonable belief, instead of the required standard of reasonable suspicion, before conducting a warrantless search incident to arrest. (*Id.* at 12, 14.) And third, he argues that the warrantless search of his vehicle was unreasonable and violated the Fourth Amendment. (*Id.* at 13.)

The respondent moves to dismiss Olson's habeas petition on the grounds that his Fourth Amendment claims are not reviewable under § 2254 because Olson had a full and fair opportunity to litigate the issues in state court. (Docket # 11 at 3.)

## ANALYSIS

The respondent argues that the relief Olson seeks in his habeas petition is unavailable pursuant to *Stone v. Powell*, 428 U.S. 465 (1976). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") authorizes collateral relief only when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court has decided an issue on the merits, a federal court may grant relief only if that decision was "contrary to, or involved an unreasonable application of clearly established Federal law" as determined by the Supreme Court. *Id.* § 2254(d)(1). However, for alleged Fourth Amendment violations, enforceable through the exclusionary rule, "this already-high bar gets raised even further: relief is not available except in extremely narrow circumstances." *Sutton v. Pfister*, 834 F.3d 816, 820 (7th Cir. 2016) (citing *Powell*, 428 U.S. 465); *see also Cabrera v. Hinsley*, 324 F.3d 527, 530 (7th Cir. 2003) ("*Stone* limited the role of the federal courts in evaluating Fourth Amendment claims of state prisoners who, relying on the exclusionary rule, contend that allegedly unconstitutionally seized evidence should not have been used against them."). "This is because the exclusionary rule is a 'means of effectuating the rights secured by the Fourth Amendment' by deterring police misconduct, rather than a personal constitutional right of the defendant." *Sutton*, 834 F.3d at 820 (quoting *Powell*, 428 U.S. at 482). And in "the case of collateral proceedings, that deterrent effect is so weak that it is outweighed by the harm of excluding probative evidence." *Id.* Thus, the one "narrow exception" to the *Powell* rule is as follows: "a petitioner may litigate his Fourth Amendment exclusionary rule claim on collateral review if he was not 'afforded the opportunity for full and fair consideration of his search-and-seizure claim at trial and on direct review.'" *Id.* (quoting *Powell*, 428 U.S. at 486).

An accused receives a full and fair opportunity to litigate if: (1) he has clearly informed the state court of the factual basis for that claim and has argued that those facts constitute a violation of his Fourth Amendment rights, (2) the state court has carefully and thoroughly analyzed the facts, and (3) the state court applied the proper constitutional case law to the facts. *Hampton v. Wyant*, 296 F.3d 560, 563 (7th Cir. 2002) (quoting *Pierson v. O'Leary*, 959 F.2d 1385, 1391 (7th Cir. 1992)). "What *Stone* requires is that states provide full and fair hearings so that the exclusionary rule may be enforced with reasonable (though not perfect) accuracy at trial and on direct appeal." *Id.* When the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Cabrera*, 324 F.3d at 530.

In his habeas petition, Olson argues that his Fourth Amendment rights were violated when his vehicle was searched after he was stopped for allegedly driving while intoxicated. Olson argues that at the time the officers conducted a warrantless search of his vehicle, he was being subjected to a field sobriety assessment fifty feet away so he could not reach anything in his vehicle. (Docket # 1 at 11–12.) Thus, Olson argues that officers could not have believed evidence would be destroyed or that the public was in danger. (*Id.*) Olson further argues that officers could have gotten a search warrant because he had no access to the vehicle to destroy evidence and was being cooperative throughout the encounter. (*Id.* at 13.)

Because Olson has not responded to the respondent's motion to dismiss, he does not contend that he was denied a full and fair opportunity to litigate his Fourth Amendment claims. Nor could he. Reviewing Olson's brief before the Wisconsin Court of Appeals, he

clearly informed the state court of the factual basis for his claims and argued that those facts constituted a Fourth Amendment violation. (Docket # 11-1 at 5–29.) Olson challenged the search incident to arrest, arguing that he was secured in the squad car at the time of the search and that the officers lacked reasonable suspicion that the vehicle contained evidence that Olson was operating while intoxicated. (*Id.* at 16–24.) Olson raised the issue that the court improperly adopted the state's position that the correct standard of proof was the lower "reasonable belief" as opposed to the "reasonable suspicion" standard. (*Id.* at 24.) He further challenged the circuit court's *sua sponte* determination that the search was also justified under the community caretaker exception. (*Id.* at 24–29.)

In addressing Olson's arguments, the court of appeals, citing *Katz v. United States*, 389 U.S. 347, 357 (1967) and *Arizona v. Gant*, 556 U.S. 332, 343 (2009), summarized the evidence adduced at the suppression hearing, addressed Olson's arguments regarding the legal standard to be used, and then applied *Gant* to the facts of the case in determining that the officers' search of Olson's car for alcohol or drugs incident to his arrest was constitutional. (Docket # 11-2 at 1–5.) On this record, it is clear that Olson received a full and fair opportunity to litigate his Fourth Amendment challenges. *See Hampton*, 296 F.3d at 563. Thus, pursuant to *Powell*, Olson can not seek relief under federal habeas review for his alleged Fourth Amendment violations. Olson's habeas petition is denied and the case dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Jurists of reason would not find it debatable that Olson is not entitled to habeas relief. Thus, I will deny Olson a certificate of appealability. Of course, Olson retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the respondent's motion to dismiss (Docket # 10) is **GRANTED**. The petition for a writ of habeas corpus (Docket # 1) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 20th day of October, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge